Kenneth BRADLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 75095.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 29, 1999.

Mark A. Grothoff, Columbia, for appellant.

Jeremiah W.(Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Movant, Kenneth Bradley, appeals denial of Rule 29.15 post-conviction relief after an evidentiary hearing. We affirmed sentences on ten offenses, including statutory sodomy, sexual abuse, rape, third degree assault, and endangering the welfare of a child. *State v. Bradley*, 947 S.W.2d 495 (Mo.App. E.D.1997). Movant's two claims of motion court error pertain only to the conviction and sentence on count V for statutory sodomy of C. H., a minor. The court granted movant's motion for a judgment of acquittal on count IV. If the Rule 29.15 motion was intended to apply to the convictions and sentences on the other offenses in counts I to III and VI to X, the motion judgment denying relief on those sentences is affirmed.

■ Movant argues trial counsel was ineffective for failure to call Everett Pratt, movant's father-in-law, as a witness and for failure to offer evidence to support a finding that movant did not own a shotgun at the time of the alleged offenses. Both points are without merit.

Movant's trial counsel testified that he had no recollection that movant mentioned Everett Pratt before or during the trial. At the evidentiary hearing, Pratt testified that he loaned a .22 caliber rifle to his daughter, movant's wife, some time in 1994 or 1995. He could not recall the date, but believed the gun was a 17–shot, automatic rifle, not a shotgun. The police seized the rifle. Movant's wife pawned her shotgun in January 1995.

C.H. testified that she was assaulted by movant the first week of February 1995 and was fearful of disclosing his misconduct because she was "too scared because he said if I told anybody that he'd shoot my mom and dad … [h]e had a shotgun." Obviously, Everett Pratt's testimony regarding the loan of a rifle was unrelated and unconnected with the testimony of C.H. The failure to call Everett Pratt would not have responded to the testimony of C.H. It would not have supported a defense to the charge. The "missing" evidence could not have been prejudicial. Moreover, trial counsel was not ineffective for failing to investigate, and call, a witness not mentioned by movant before or during trial. The rulings of the motion court were not clearly erroneous. Rule 29.15(k); *State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996), *cert. denied* 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997).

■ Movant's second point argues that trial counsel was ineffective for "failure to present evidence that appellant did not own a shotgun at the time the alleged offenses took place." Movant's ownership of a shotgun is wholly irrelevant and immaterial to the charge that he assaulted C.H.C.H. testified that she only told her friend, A. H., about the assault because movant threatened to shoot her mother and father. On a previous occasion, she

had seen a shotgun next to movant's bed. The testimony of C.H. regarding her knowledge of a shotgun was relevant only to explain her failure to disclose the assault to persons other than A.H. There was no evidence to support a finding that a shotgun was involved in the sexual assault of C.H. Thus, whether movant owned a shotgun or had custody of a shotgun on the occasion of the assault on C.H. would not have supported a finding that C.H. had no reason to be fearful that movant could shoot her parents if she "told anybody." The findings and conclusions on this point are not clearly erroneous. Rule 29.15(k). Point denied.

R. DOWD, Jr., C.J. and C. BLACKMAR, Senior Judge, concur.